I hope that you called our case. I'm Anne McClintock on behalf of the Petitioner appellant, Mr. Raspberry. That's correct. I think in this case that the Court has to look anew at the requirements of staying in Bayne's statute of limitations, equitable tolling, because the landscape in that area has radically changed since this case was briefed and dealt with even before by the district court. I think in light of the Supreme Court's Rinds decision, the Pace decision, and this Court's application of the statutory tolling rules from Pace to California and Bonner, that looking back at this case, that the district I'm not faulting them, because no one knew that there was such a thing as a protective petition in 2000, but Mr. Raspberry's timely-filed first Federal rule. I don't get what you're arguing. My impression, my understanding is that there have been quite a few changes in the law, as you say, but every single one of them has made the Petitioner's position worse. It has, except for the creation by the Supreme Court in Pace of this notion of a protected petition, that when a Petitioner has good cause for being uncertain whether his exhaustion petition that he would pursue while he still has time is going to be deemed timely-filed, then that can be grounds for seeking a protective petition. In this context, Mr. Raspberry finding a protective petition in Federal court. In this case, Mr. Raspberry believed, well, he filed a Federal petition. He believed it contained both exhausted and unexhausted claims, although it's clear from his original opposition to the motion dismissed that he didn't totally understand what the exhaustion requirement was. He didn't have any exhausted claims, right? He did in that the petition for review on direct review by his appellate attorney included constitutional challenges to his two three-strike sentences. There was a challenge both to the consecutive nature as a violation of due process, and there was an Eighth Amendment challenge to the duration being cruel and unusual punishment. So there were exhausted claims. He believed that he had included them in his Federal petition. Even a liberal reading of his petition, as Judge Hollows did, doesn't show them. So he filed what the district court viewed as a wholly unexhausted petition. And we decided it was a wholly unexhausted petition in Raspberry v. Garcia, Raspberry's previous case. Yes. I mean, there was an earlier the residual context was different, and that appeal was an appeal from the denial of Rule 60b motion. At that time, the landscape hadn't changed. There was no protective petition. There was no and the ---- Sotomayor, so I understand that the Supreme Court has now said ---- I may not understand this because there are times when I just wish we could decide the case instead of deciding whether or not it was exhausted. But the Supreme Court has now said that if you file a petition that has some exhausted and unexhausted, that you have to do what? You have to ---- the court, the Federal court has to stay it? It doesn't have to. It has discretion to stay it. And I would quibble, and I would disagree with whether the Supreme Court has decided that it has to be a mixed petition. In Rines, they speak of a mixed petition because that's what they're presented with. And in the vast majority of these cases, that was the rule. It was a mixed petition. Now, we have a petition here that is not a mixed petition. From my perspective, Mr. Raspberry believed that it was. So I would argue that it was. I don't care what he believes since we already made a holding. That's been decided. Okay. Then I think in his context, then, he has an unexhausted petition. He has, in light of ---- and this is all retrospective, I realize that. But in light of Bonner's application of these untimeliness rules as a ---- as a recognition that a State court decision may not be considered something that statutorily tolls his ---- Let me back up. Let me simplify it. Mr. Raspberry's exhausted petition, when he finally got it in 2001, just says, from the California Supreme Court, just says, Petition Denied. Under Chavez v. Evans, we don't know automatically from reading that whether that is a merits decision that stops the ---- that would provide statutory tolling or whether it isn't. So there's an added complication that provides good cause for him to file a protective petition, even though it's wholly unexhausted. But you want us to say, all right, he files a petition that is not ---- that contains a claim that is not exhausted. But there was once a claim that was exhausted. That's true. So, therefore, the district court should stay the claim that is not exhausted what? In order for him to exhaust that claim? Because it should be treated as if it was mixed under Rines? That's part of my argument. I think because that goes to Mr. Raspberry's good-faith efforts. You know, the standard under Pace and Rines for this stay-in-advance procedure is, are the claims not plainly meritless? Is he being dilatory or not being dilatory? And is ---- But the way that you know that in Rines is because there was a mixed petition. And here there is not. You're asking us to ignore our earlier decision in this case, it seems to me. Well, I'm asking you to reconsider it in light of what has happened before. If Rines hadn't adopted, created a ---- what Rines recognized or Pace, rather, recognized is that there are circumstances where a particularly a pro se litigant is going to be barred from federal court, even though he is doing everything in a what he understands to be a timely manner. And with Chavez v. Evidence and Bonner putting in greater play when a California denial will statutorily total or not, that it makes more sense for someone in Mr. Raspberry's position where he's gotten to federal court within the 365 days. There's no dispute about that. Day 275, he files a petition. He takes this petition. And once the magistrate judge explains to him and he gets it that there is a State mechanism for him to exhaust, and he petitions. He files a petition. I can't understand this. I do. I don't think this is frivolous. But my question is necessarily, but my question is, doesn't that mean that you may say, well, from the standpoint of my client, he was acting in good faith. He was trying to get something to the district court within the year. Right. But doesn't this put a burden on the district court that is not sensible? That's the last one. It is not sensible. I don't think it's not sensible. I think and it's not something that Mr. Raspberry's creation. I think the protected petition mechanism the Supreme Court has created certainly puts a burden on district courts. I'm sure that they are not delighted with that function that we have today. But you're putting, imposing that burden on the district courts where it's not a mixed petition. That's what's troubling me. Well, I think there will be context that you will, whether you apply it to the difficulty with Mr. Raspberry's case is that it's all kind of retroactive because this wasn't the district court wasn't faced with this. The difficulty with Mr. Raspberry's case was that we've decided that it wasn't a mixed petition. True. But I don't think there's anything in Pace that limits its protected petition creation to It doesn't matter. You start with our previous decision. He filed a wholly unexhausted petition in district court under Rose v. Lundy. It had to be dismissed. End of story. There are exceptions to law of the case. But I can't see where you've articulated your argument within the category of the very limited exceptions to law of the case. You've just told us that in light of subsequent cases, there ought to be a different procedure. It's not refined enough. I don't know exactly what the different procedure would be. He comes back to Federal court years later and says, don't treat this as a new filing, even though it is. Instead, reopen my old case that was quite properly dismissed. I don't see how that's the case. The case is the Supreme Court's creation of this protected petition mechanism in Pace, and they're creating it to give balance to their decision that a timeliness decision by a Supreme Court decision that you are relying on. Read me the words from the Supreme Court decision that you are relying on. This is the Pace decision, page 1813. The predicament is that, to back it up, is that the Petitioner is trying in good faith to exhaust State remedies, may litigate in State court for years, only to find out at the end that he was never properly filed, and thus that his Federal petition is time-barred. And the Supreme Court's response to that problem is the creation of this protected petition. I quote, He didn't do that. Your client wasn't litigating this in State court. He didn't ask for a protected petition. And he didn't ask the district court to stay and obey while he exhausted. No. And he also thought that he had no State remedies available. And under Chavez v. Evans, that might have been true. So what you're doing is citing Pace, which says a defendant can do certain things protectively against the statute of limitations that the defendant here did not do, or the Petitioner. Due to his ignorance, I think my time is up. But I think there is there are decisions from this Court and I'm spacing on the name of it, but there was a Judge Reinhart decision from I think it was last, in 2005, where it seems to allow this kind of thing. It's not a retroactive context, but it recognizes that a pro se litigant's misunderstanding can be good cause, and the good cause is not as high as the exceptional barrier that it creates. Thank you. Good morning, Your Honors, and may it please the Court. I'm Mark Johnson, Deputy Attorney General from the California Department of Justice, appearing on behalf of Respondent. This Court previously found that the original petition in this case was a wholly inexhaustive petition under all case law of this Court, and from the United States Supreme Court, that petition had to be and probably was dismissed. There is nothing, therefore, to relate back to, and nothing that the district court could have assisted this Petitioner in doing, even assuming that the district court had an inclination to provide such assistance, which our position is the district court did not, of course, because at that point, the district court would have been taking on the position of being an advocate for the Petitioner. There were no exhausted claims in the original petition, and Petitioner at that point had made no efforts to exhaust his presently unexhausted claims. He made no effort to do so before the statute had already told. That was the end of the analysis. And, frankly, I don't understand the arguments to the contrary. I'd be happy to address any questions the Court may have. If there is none, I submit it that the district court properly. Smith, thank you. Thank you. Case just argued is submitted for decision. We'll hear the
judges: Schroeder, Trott, Kleinfeld